IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CODEPRO INNOVATIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-970 (MPT) |
| | ) | |
| SAFEWAY INC., | ) | |
| | ) | |
| Defendant. | ) | |
| CODEPRO INNOVATIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1482 (MPT) |
| | ) | |
| GIANT FOOD LLC and THE STOP & SHOP | ) | |
| SUPERMARKET COMPANY LLC, | ) | |
| | ) | |
| Defendants. | | |

## SCHEDULING ORDER

This _12_ day of _September_, 20_13_ the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on August 22, 2013, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **September 23, 2013**. The parties have reviewed the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), which is incorporated herein by reference, except as modified in Paragraph 3 below.

        2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 22, 2014**.

        3.      Discovery.

             (a)      Bifurcation

The Court will consider whether issues of willfulness and damages should be bifurcated for purposes of discovery and trial at the December 4, 2013, conference. Discovery on these issues will be stayed until that conference.

             (b)      Discovery Pursuant to the Default Standard

          i.      The parties shall make their disclosures pursuant to Paragraph 3 on or before **September 23, 2013**;

          ii.     The deadlines for the initial discovery obligations set forth in Paragraph 4 of the Default Standard shall be as follows:

             a.    Plaintiff's identification of accused products and asserted claims (¶ 4(a)): **September 23, 2013**;

             b.    Defendants' production of core technical documents (¶ 4(b)): **October 30, 2013**;

             c.    Plaintiff's infringement contentions (¶ 4(c)): **December 6, 2013**;

             d.    Defendants' invalidity contentions (¶ 4(d)): **January 13, 2014**.

             (c)      Requests for Admission. A maximum of 50 requests for admission are permitted for each side, excluding requests for the authentication of documents.

             (d)      Interrogatories. A maximum of 25 interrogatories (10 common and 15 individual), including contention interrogatories, are permitted for each side.

(e)     Limitation on Hours for Fact Deposition Discovery. Each side is limited to a total of **70 hours per side** of taking fact testimony by deposition upon oral examination.[1] Parties may take up to **14** hours of deposition testimony of any of the named inventors.

(f)     Document Production. Document production shall be substantially complete by **February 21, 2014**.

(g)     Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **April 16, 2014.** The Court encourages the parties to serve and respond to contention interrogatories early in the case.

(h)     Disclosure of Expert Testimony. Expert discovery shall be commenced to be completed by **July 18, 2014**. For the party who has the burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 8, 2014.** Rebuttal expert reports on the same subject matter identified by another party are due on or before **June 10, 2014.** Supplemental reports (for e.g., secondary considerations of obviousness) are due **June 24, 2014.** Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

Unless extended by agreement of the parties or by order of the Court, expert depositions are limited to a maximum of **7 hours per report**.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in

---

[1]     Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        (i)     Supplementations under Rule 26(e) are due as required by the rule.

        (j)     Discovery Matters. Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[2] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. At that time, counsel shall advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference. Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[3]

        The following procedures shall apply:

        (1).     Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reason for its opposition.

        (2).     Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the

---

[2]   To meet the import of that phrase, counsel, including Delaware counsel, are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

[3]   The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters—Motion to Resolve Discovery Disputes."

disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached.[4]

(3).     To the extent factual issues are disputed or central to the Court's analysis,[5] *non-conclusory*, sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

(4).     A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed.

The same procedure outlined above shall apply to protective order drafting disputes, except a "Joint Motion for Teleconference To Resolve Protective Order Dispute," shall be filed and the parties are limited to a total of three (3) issues with one submission each. The submissions shall include the party's proposal of the content for the disputed portion(s) of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues covered by the provisions contained herein regarding motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

---

[4]     The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production should not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

[5]     For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

- 5 -

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent expressed approval of the Court following a discovery conference, no motions pursuant to FED. R. CIV. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the letters are efiled. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

4. Early Summary Judgment. On **December 4, 2013, at 10:30 a.m.** the Court shall conduct a telephone conference to consider whether to permit defendants' request to file a motion for early summary judgment on the issue of whether a customer's telephone number is a "promotional code" as the Court has construed that term. Defendants may submit a 4-page joint letter brief requesting early summary judgment on **November 21, 2013**. Plaintiff's 4-page reply letter brief is due **November 25, 2013**. The parties are directed to submit a stipulated schedule for any discovery necessary on this limited issue no later than **September 6, 2013**.

5. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. ADR Process. To be discussed during the Rule 16 conference.

7. Interim Status Report. On **January 21, 2014**, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

8. Status Conference. On **January 30, 2014,** the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **10:30 a.m.** Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss

the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    Tutorial Describing the Technology and Matters in Issue.

If the parties believe that a tutorial on the technology would be helpful, they may provide the Court with a tutorial on the technology at issue **on the date they submit their opening expert report**. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within five (5) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.    Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 3, 2014**. Unless the Court directs otherwise, no case dispositive motions may be filed at a time before the date set forth in this paragraph. Briefing will be presented pursuant to the Court's Local Rules, except as modified during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[6]

11.    Claim Construction Issue Identification.    To the extent the parties require construction of additional terms/phrases, on **January 20, 2014**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **February 17, 2014**, the parties will exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **March 19, 2014**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction.    Counsel must identify during the claim construction phase of the case any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall contemporaneously submit initial briefs on claim construction issues on **May 19, 2014.** The parties' answering/responsive briefs shall be contemporaneously submitted on **June 16, 2014**. No reply briefs or supplemental papers on claim construction shall

---

[6]    For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13.     Hearing on Claim Construction. Beginning at **9:30 a.m.** on **June 30, 2014,** the Court will hear evidence and argument on claim construction.

14.     Applications by Motion.     Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     Pretrial Conference. On **February 18, 2015,** the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **9:30 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order **no later than 2 weeks before the Pretrial Conference.**

16.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise

ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. <u>Trial.</u> This matter is scheduled for a **5** day jury trial beginning at 9:30 a.m. on **March 2, 2015,** with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total number of hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE

7481069.6
Thynge – Patent
Revised January 8, 2013